**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 12-89 (ABJ)** |
| | : | |
| **STEPHEN THOMAS** | : | |
| | : | |
| **Defendant.** | : | |

_____

<u>**MEMORANDUM IN AID OF SENTENCING**</u>

Defendant Stephen Thomas, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

On January 18, 2013, Mr. Thomas will appear before this Court to be sentenced pursuant to his guilty plea to income tax evasion, in violation of 26 U.S.C. § 7201.  Based on all the sentencing factors in this case, Mr. Thomas submits that a sentence of probation is warranted.  Due to such factors as the nature and circumstances of the offense, Mr. Thomas's background, his acceptance of responsibility, and the relevant sentencing factors pursuant to 18 U.S.C. § 3553(a), probation is a fair and reasonable sentence.

<u>**DISCUSSION**</u>

**I.      THE POST-<u>BOOKER</u> SENTENCING FRAMEWORK.**

_____Under Justice Breyer's majority opinion in <u>Booker</u>, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. <u>See</u> 18 U.S.C. § 3553(a)(4)."  <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes,

the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to <u>Booker</u>, therefore, courts must treat the Guidelines as one, among several, sentencing factor.

_____Pursuant to 18 U.S.C. §§ 3562 and 3553(a) – which were explicitly endorsed by the Supreme Court in <u>Booker</u> – sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

_____Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may

receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of <u>Booker</u>, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. After <u>Booker</u>, courts need not justify sentences outside the guideline range by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may exercise their discretion in individual cases and impose sentences which are not within the proposed guideline range.

More recently, the Supreme Court reaffirmed that the Sentencing Guidelines are merely one factor to be considered by district courts when fashioning a reasonable sentence and that the Sentencing Guidelines are not to be weighed more heavily than other sentencing factors. <u>See</u> <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007) and <u>Gall v. United States</u>, 128 S.Ct. 586 (2007). A sentencing court shall not simply presume that a sentence within the Guideline range is automatically reasonable or that a sentence within the Guideline range is more reasonable than a sentence outside of the Guideline range. <u>Id.</u>. The sentencing court further shall not presume that a sentence outside of the Guidelines range is unreasonable. <u>Id.</u>. By considering the Sentencing Guidelines along with all of the factors set forth 18 U.S.C. § 3553(a), "the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure." <u>Rita</u> at 2465. It is critical for sentencing courts to consider all sentencing factors and to not give undue

3

weight to the Sentencing Guidelines because, as the Supreme Court recently reemphasized, '[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.' Gall at 598 (quoting Koon v. United States, 518 U.S. 81, 113 (1996)).

## II.    STATUTORY PENALTIES

The statutory penalty for tax evasion under 26 U.S.C. 7201 844(a) includes no mandatory minimum and a maximum penalty of five years incarceration.  Thus, a sentence of probation in Mr. Thomas's case is permitted by statue.

## III.    SENTENCING GUIDELINES

According the Presentence Report (PSR),[1] Mr. Thomas's Total Offense Level is 13 and his Criminal History Category is category I.  The PSR calculates Mr. Thomas's sentencing guideline range as being 12 to 18 months.  Mr. Thomas agrees with these guideline calculations.

## IV.    FACTORS THE COURT SHALL CONSIDER UNDER 18 U.S.C. § 3553(a)(1)

In accordance with 18 U.S.C. 3553(a)(1), courts are to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing sentence.  When considering these factors, a sentence of probation is warranted.

Mr. Thomas's tax evasion offense is a nonviolent offense.  Additionally, Mr. Thomas's offense does not involve the appropriation of money from any individual victim or from a financially weak organization.  Mr. Thomas will correct his wrongdoing by fully reimbursing the government

---

[1] At the time this sentencing memorandum was filed, only the November 2, 2012, draft Presentence Report (PSR) was available.  All references and citations to the PSR in this memorandum relate to the November 2, 2012, draft version.

for all of his unpaid taxes.[2]  Mr. Thomas has accepted responsibility by pleading guilty to a tax crime in federal court.  Since his guilty plea, Mr. Thomas has continued to accept full responsibility for his conduct and he has been remorseful.

As set forth in the PSR, Mr. Thomas is a forty one year old man who was born and raised in a lower middle class environment in the state of New York.  Mr. Thomas was raised exclusively by his mother and his mother's aunt.  Unfortunately, Mr. Thomas never became familiar with his father and his father played no role in his life.  Mr. Thomas has no siblings, but he was able to develop a close relationship with his aunt's two children during his childhood.

While he was young, Mr. Thomas developed an appreciation for education.  This appreciation contributed to his success in school.  In 1989, Mr. Thomas graduated in the top ten percent of his high school class.  As a result of his superior academic performance, Mr. Thomas was awarded a regents scholarship.  Immediately following his graduation, Mr. Thomas enrolled at Tufts University in Massachusetts.  He studied Political Science while at Tufts, and ultimately earned a Bachelor of Arts degree in that field.

Mr. Thomas made an immediate transition from college to law school.  In the Fall of 1993, he enrolled at Georgetown University Law Center in pursuit of a *Juris Doctorate* (J.D.) degree.  Mr. Thomas successfully completed most of the coursework needed to obtain a J.D. from Georgetown, but he fell short of earning a law degree.  Despite making several efforts, Mr. Thomas was unable to complete a Legal Writing and Research course.[3]  Completion of this course was a requirement for

---

[2]As part of his guilty plea, Mr. Thomas agrees to make full restitution to the Internal Revenue Service in connection with the years in which he did not pay his taxes.

[3]Mr. Thomas's efforts to successfully complete the Legal Writing and Research course included undergoing professional counseling.

a J.D. degree.

Although Mr. Thomas was unable to finish law school, he was later able to successfully complete investment related professional training courses and obtain several financial security licenses.  Beginning in about 1998, Mr. Thomas used his financial training and licenses to work as a financial advisor.  Mr. Thomas was employed by such major financial companies as Solomon Smith Barney, Merrill Lynch, and Morgan Stanley.

In 2003, Mr. Thomas started a company named ESOP Capital Group (ECG).  ECG provided financial advise to businesses and assisted companies with Employee Stock Ownership Plans (ESOP).  In order to gain more stable income while starting a new company, Mr. Thomas had other employment during ECG's first two years.  Between 2003 and 2004, Mr. Thomas worked as a special education teacher at a public high school in Maryland.  He also did fund raising work and sold cars at a dealership during this period.

Mr. Thomas currently makes a living by operating a non-profit senior assisted living facility in which he created.  This facility caters to disabled low income elderly individuals.  The facility, which began in 2011, is operated in the state of Pennsylvania.  The facility employs eleven people, including Mr. Thomas, and it houses seventy nine residents.  Mr. Thomas opened the facility because, due to his personal experiences finding health care for an elderly family member, he determined that quality health care for disabled low income elderly persons was lacking in his community.  Motivated largely by his personal commitment to assist elderly people in need, Mr. Thomas works well over the typical forty hour work week and there is rarely a day when he is not working.

During the time Mr. Thomas was attending law school, he got married.  His wife, who is a

scientist, has been very supportive of Mr. Thomas during their marriage and during the pendency of the instant case. Mr. Thomas and his wife have been living in York, Pennsylvania since 2006. They have a six year old daughter who is currently an elementary school student. Mr. Thomas's wife recently informed the PSR writer that Mr. Thomas is "dedicated to his family and driven to support the family." PSR, ¶ 52. She further advised that Mr. Thomas "strives to be the best person he can be and is always willing to help others." Id..

## V.   FACTORS PURSUANT TO 18 U.S.C. § 3553(a)(2)

18 U.S.C. § 3553(a)(2) provides sentencing courts with various factors to consider when imposing sentence. When considering factors under 18 U.S.C. § 3553(a)(2), it is critical that sentencing courts follow the mandatory limitations set forth in 18 U.S.C. § 3553(a). In accordance with § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." When considering factors discussed in 18 U.S.C. § 3553(a)(2), it is clear that a sentence involving any incarceration in the instant case is a sentence that is greater than necessary.

### A.   *Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment*

As with all criminal behavior, Mr. Thomas's offense is admittedly unacceptable. Mr. Thomas's conduct, however, is not nearly as egregious as most of the criminal cases which are prosecuted in federal courts. His offense is nonviolent; it does not involve any controlled substances; it does not involve any sophisticated scheme; and there are no vulnerable or individual victims. At the time Mr. Thomas committed the instant offense, he had only been previously convicted of traffic related offenses. He has never been disciplined in his academic or professional life for any type of misconduct. In sum, Mr. Thomas's conduct here is completely inconsistent with

his life history.

Mr. Thomas is remorseful and he has accepted responsibility for his behavior. He pled guilty shortly after his counsel had an opportunity to adequately review the case. He reaffirmed his acceptance of responsibility during his meeting with the PSR writer. See PSR, ¶ 25. He seriously regrets the harm he has caused the United States government and his family by committing the instant offense. Due to these factors, a sentence of probation is a sentence that will reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

B.      Deterrence

A sentence of probation will provide ample deterrence for Mr. Thomas and anyone else who may consider committing a similar crime. See 18 U.S.C. § 3553(a)(2)(B). Mr. Thomas has clearly learned a valuable and painful lesson from this case. He is now a convicted felon, and his rights and status in our community have drastically changed. This changed status will certainly have a significant impact on Mr. Thomas's future employment options and on his ability to fulfill many of the civic responsibilities he once enjoyed. Mr. Thomas must also endure the embarrassing and undesirable label of being a "felon" for the rest of his life.

Although a probationary sentence does not involve any incarceration, it is still a punitive sentence with serious obligations and restrictions. If placed on probation, Mr. Thomas will be required to routinely report to his supervising officer. He will be unable to travel without prior approval by the probation officer or the court. He will not be afforded the same constitutional protection against unreasonable searches and seizures that unsupervised individuals enjoy. He will be subject to the possibility of substantial future incarceration in the event he violates any condition of his probation. Accordingly, a sentence more severe than probation will be greater than necessary

for purposes of achieving the goal of deterrence.

      *C.*     *Protecting the Public*

    In Mr. Thomas's case, there is no public safety risk that would warrant a sentence of incarceration.  Mr. Thomas has no serious criminal history.[4]   He is not a threat to any particular individual in the community.  He has accepted responsibility for his criminal behavior.  He has agreed to pay full restitution in an effort to correct his wrongdoing.  For these reasons, when considering community safety, a sentence of probation is appropriate.

      *D.*     *Educational or Vocational Training, Medical Care, or Other Correctional Treatment*

    Sending Mr. Thomas to jail will surely not further any legitimate educational, vocational, medical, or correctional purpose.  All of these needs are best served by having Mr. Thomas remain in the community.  Mr. Thomas is a college graduate.  He worked as a licensed financial advisor for about five years, and he has owned a company that provided financial services to businesses.  Mr. Thomas currently operates a non-profit senior assisted living facility for disabled low income residents in Pennsylvania.  Mr. Thomas is in good physical condition, and he has been receiving superb medical care from physicians in his local community.  Thus, a sentence of probation is the most effective sentence for satisfying the goals set forth in 18 U.S.C. § 3553(a)(2)(D).

**VI.**    **18 U.S.C. § 3553(a)(3)\_\_\_\_\_**

    Under 18 U.S.C. § 3553(a)(3), courts shall also consider "the kinds of sentences available" when imposing a sentence.  Significantly, when considering the kinds of available sentences, the United States Supreme Court cautioned that "§ 3553(a)(3) directs the judge to consider sentences other than imprisonment." Gall v. United States, 552 U.S. 38, 59 (2007).  In an effort to demonstrate

---

[4]All of his prior offenses are traffic related.

that probation can be a reasonable alternative to custodial sentences, the Gall Court discusses the substantial impact of probationary sentences.  The Court notes that "[o]ffenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." Gall at 48. For instance, in addition to often being subject to various individual special  conditions,

> "[p]robationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court.  They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking."

Id..  In bolstering its position, the Court refers to other publications that have noted the following: '[p]robation is not granted out of a spirit of leniency' and 'probation is not merely "letting an offender off easily;"'[5] and 'the probation or parole conditions imposed on an individual can have a significant impact on both that person and society' which often 'regulate significant facets of their day-to-day lives.'[6]  Gall at 48, FN 4.

Recognizing that probation is a serious sentence that will place substantial restrictions on Mr. Thomas's liberty, Mr. Thomas submits that probation in his case is a reasonable alternative to imprisonment.

## VII.   18 U.S.C. § 3553(a)(7)

Pursuant to 18 U.S.C. § 3553(a )(7), the court shall consider "the need to provide restitution to any victims of the offense" when imposing sentence.  In order to best accomplish the important goal of restitution, it is critical that Mr. Thomas receive a sentence that will allow him to remain in the community.  Mr. Thomas is currently earning income through the assisted living facility that he

---

[5]quoting Advisory Council of Judges of National Council on Crime and Delinquency, Guides for Sentencing 13-14 (1957).

[6]quoting 1 N. Cohen, The Law of Probation and Parole § 7:9 (2d ed. 1999).

operates. Permitting him to maintain this income is the best and most effective way to enable him to make meaningful payments towards restitution. Thus, a sentence of imprisonment in this case will only hinder — rather than further — the goal of providing restitution to the victim because Mr. Thomas will be unable to make payments toward restitution while he is in custody.

Moreover, if Mr. Thomas is incarcerated, his future ability to make meaningful restitution payments is also at risk. His assisted living facility will likely close, and he will surely have difficulty obtaining meaningful employment after his release. For these reasons, a sentence of probation will best assist the victim with its short term and long term interests with regard to obtaining restitution.

## CONCLUSION

In light of all of the arguments presented, and such other reasons that may be discussed at the sentencing hearing in this matter, a sentence of probation is the most reasonable and appropriate sentence in this case. Such a sentence sufficiently addresses Mr. Thomas's conduct as well as other factors pursuant to 18 U.S.C. § 3553(a). Sentencing Mr. Thomas to a period of incarceration will impermissibly impose upon him a sentence greater than necessary. Accordingly, Mr. Thomas respectfully requests that the Court impose a sentence of probation.

Respectfully submitted,
A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
TONY W. MILES
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500